RULEY, JUDGE:
Claimant, a registered nurse, seeks $26,100.00 for loss of wages and mental anguish allegedly resulting from the respondent’s delay in granting him a license to practice registered professional nursing in West Virginia. Claimant testified that he was educated at Saddleback Community College, Mission Viejo, California, where he received a certificate of achievement when he graduated. Subsequently, he was licensed as a registered nurse in California and then, in September, 1980, shortly before moving from California to West Virginia, applied for a license in West Virginia. Claimant testified that, at some unspecified later time while his application in this State was pending, he received his A.A. degree. Between' September, 1980, and February 2, 1981, the date on which his West Virginia license was issued, there were various letters and calls between the claimant, the respondent, Saddleback Community College and the California Board of Nursing. It does not appear that the claimant ever forwarded a copy of *396 his A.A. degree to the respondent but, finally, the respondent did obtain a copy of his college transcript on February 2, 1981, and it issued his license that same day.
West Virginia Code §30-7-6, provides in part:
“§30-7-6. Qualifications and examinations of persons seeking licensure; applications; practitioners licensed in another state; present practitioners; fees; temporary permits.
To obtain a license to practice registered professional nursing, an applicant for such license shall submit to the board written evidence, verified by oath, that he or she (a) is of good moral character; (b) has completed an approved four-year high school course of study or the equivalent thereof, as determined by the appropriate educational agency; and (c) has completed an accredited program of registered professional nursing education and holds a diploma of a school accredited by the board.
The board may, upon application, issue a license to practice registered professional nursing by endorsement to an applicant who has been duly licensed as a registered professional nurse under the laws of another state, territory or foreign country if in the opinion of the board the applicant meets the qualifications required of registered professional nurses at the time of graduation.
The respondent construes the statute to require documentary evidence of compliance with the qualifications listed in it. We believe that is reasonable. And, without summarizing the involved evidence as to who said or wrote what to whom when, we conclude that, while the claimant may have been distressed by the delay in his license, that delay was not the result of any unlawful conduct on the part of the respondent and a large part of it was attributable to his own inaction. Accordingly, this claim must be denied.
Claim disallowed.